Mr. Justice MacArthur
delivered the opinion of the court:
This action was commenced before a justice of the peace of the District of Columbia under the statute “ to regulate proceedings between landlord and tenant.” Judgment was rendered in favor of the plaintiff for possession of the premises in dispute, and the defendant appealed to this court. On the trial in the special term, the judge presiding instructed the jury that “ there was no evidence conducing to prove such tenancy as authorized this proceeding, and they must therefore find a verdict for defendant.” A verdict was returned in accordance with this instruction, and an appeal was taken therefrom to the general term upon a bill of exceptions.
It also appears that the plaintiff read in evidence at the trial a deed of trust executed by the defendant, who was the owner of the premises in question, conveying them to Philip A. Darneille, trustee, and dated March 8, 1870. The deed recites that the defendant, Jones, had given his promissory note to George P. Needham for the sum of $950, payable in twelve months, and to secure the payment of this note the said deed of trust was executed. It contains the usual power authorizing the trustee, upon default being made in the payment of the note, to sell the premises and convey them in fee-simple to the purchaser. Darneille was introduced by the plaintiff and swore that he was the trustee named in the deed, and that he sold the premises and conveyed them to the plaintiff, who was the purchaser. The plaintiff also proved that the defendant remained in possession without his consent, and that he had served him with a notice of thirty days to quit and surrender the premises. This is a substantial statement of the facts contained in the bill of exceptions upon which the court below directed a verdict for defendant. I was of opinion then that the relation of landlord and tenant between the parties could not be inferred from these circumstances so as to bring the cause within the statute upon which it was founded. A careful examination <of the language used in the first section has satisfied me that in this respect my construction of the act was erroneous, and *347 all the judges who heard the case here are of the same opinion.
That portion of the first section which is to be considered in disposing of this case, reads as follows:
“That a tenancy at will shall not arise or be created without an express contract or letting to that effect, and that all occupation, possession, or holding of any messuage or real estate without express contract or lease, or by such contract or lease the terms of which have expired, shall be deemed and held to be tenancies by sufferance$ and all estates at will or sufferance may be determined by a notice in writing to quit, of thirty days, delivered to'the tenant in hand or to some person of proper age upon the premises, or in the absence of such .tenant or person, then such notice may be served by affixing the same to a conspicuous part of the premises where it may be conveniently read.”
It will be seen that tenancies of two kinds are here pro-' Tided for, one being at will and the other by sufferance, and that both may be determined by a notice to quit in thirty days. It also appears that a tenancy at will cannot be created without an express contract, but that all occupation, possession, or holding of real estate without a contract, or by one the terms of which have expired, shall be deemed a tenancy by sufferance. The simple fact of possession where there is no contract is a sufficient circumstance to create such tenancy; and if a man, therefore, holds possession of premises belonging to another, and there is no agreement between them, the relation of landlord and tenant arises by mere operation of the statute.
At common law an estate at sufferance is where one comes into possession of land by lawful title, but keeps it afterward without any title at all; as if a man takes a lease for a year, and after the year is expired continues to hold the premises without any fresh lease from the owner of the estate. 2 Blackstone, 150. It also occurs where, the tenant willfully holds over after the determination of his term. But the act in force here relates to all occupation or possession whether with or without a previous contract, and declares in explicit terms that such possession is the ample requisite to constitute a tenancy by sufferance.
*348 I am aware that in several of the States it has been decided that in order to authorize the institution of summary proceedings to recover the possession of land, the relation of landlord and tenant must be shown to have existed between the parties by agreement. The statutes, however, under which these decisions have been made, differ from the one in force in this District. They do not undertake to- create a new kind of tenancy, and a remedy to enforce it. They generally provide for cases of forcible and unlawful entries upon land, and for a wrongful holding over by'a tenant after the expiration of the time for which the premises have been leased to him. The language used in the present act of Congress is more comprehensive, for it was evidently their design, in addition to these cases, to declare that where a person is in possession of land belonging to another without lease or agreement, he is to be deemed a tenant by sufferance, and that upon his being served with a notice of thirty days to quit, he is to be liable to the summary process furnished by the second section of the act. We hold, therefore, that these proceedings may be maintained in this District against a person in possession of real estate, although the conventional relation of landlord and tenant does not exist between the parties.
In the case at bar, it appears that the premises were owned by the defendant at the time he executed the deed of trust, aud that upon the sale being made by the trustee the plaintiff became the purchaser. As a matter of law the legal title was vested by virtue of such purchase in the plaintiff, and the defendant remaining in possession of the premises without any agreement to that effect, became by operation of the statute tenant by sufferance, and upon being notified to quit in thirty days, was liable to be turned out by a proceeding of this kind.
The third section provides that if defendant upon the trial before the justice pleads title in himself, the suit is to be removed into this court. If the defendant’s possession is without agreement, he is under no disability or estoppel from asserting title in himself, and if he pleads that fact, the cause is removed at once in to an appropriate tribunal for the determination of such an issue. We can, therefore, see no incon *349 verbenee likely to arise from the construction we have placed upon the law.
Entertaining these views, we would be obliged to reverse the judgment if the case were properly before us. But we think the general term has no jurisdiction of the appeal. The twelfth section of the act organizing this court gives an appeal from judgments of justices of the peace, but expressly declares that such appeals shall be heard and decided at a special term. We have determined in several instances that the judgment of the special term inthese appeal cases is final, and that we have no jurisdiction to review them here. We still think this is the obvious meaning of the statute. The right of appeal to this court in cases arising under the landlord and tenant act is given in the fourth section, but only in the same manner as appeals are taken in other cases. The judgment of the special term in this respect has, therefore, the same final effect as in other cases of appeal from justices of the peace, and it is equally clear that we can exercise no more jurisdiction in one case than in the other.
Although we are obliged to dismiss this appeal for the reasons stated, we have thought it a suitable opportunity to construe that portion of the law which was presented in the argument, as a judicial interpretation was of constant and almost daily importance.
Let the appeal be dismissed for want of jurisdiction.